## JAEGER v. KOENING.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

APPELLATE TERM—APPEAL TO DIVISION.

    Code Civ. Proc. § 1344, provides that decisions of appeals from the inferior courts by the appellate term may be taken to the appellate division by permission of the justices of the appellate term by which such appeals were determined. *Held*, that permission must be obtained from the justices who determined the appeal, and not by others.

Appeal from appellate term.

Action by Marie Louisa Jaeger against John H. Koening, etc. There was judgment in favor of plaintiff, which on successive appeals was affirmed, with costs, and from a judgment of the general term of the New York City court reversing an order denying defendant's motion to set off a judgment in his favor (65 N. Y. Supp. 795) the defendant appealed to the appellate term of the supreme

court, where the cause was reversed (67 N. Y. Supp. 172), and plaintiff appeals. Appeal dismissed.

Argued before VAN BRUNT, P. J., and INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

George H. Hart, for appellant.

Samuel Scoville, Jr., for respondent.

McLAUGHLIN, J. Appeals can only be taken from determinations of the appellate term to the appellate division by permission of the "justices by whom such appeal was determined." Section 1344, Code Civ. Proc. In the present case such permission was not obtained, and therefore this court is not authorized to entertain jurisdiction of the appeal. It is true permission was obtained from other justices sitting at the appellate term, but this does not comply with the section of the Code referred to. Permission must be obtained from the justices by whom such appeal was determined, and not from others. The reason of this provision is manifest. The justices who made the decision from which an appeal is desired to be taken are familiar with the facts and the legal questions involved, and for that reason can intelligently determine whether the same are of sufficient importance to justify another court in passing upon them.

It follows, therefore, that inasmuch as this court has no authority to hear the appeal, the cause must be stricken from the calendar. All concur.